*Judge Daniels* (stamp)

393-07/MEU/LJK
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
LPG ONE LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LPG ONE LTD.,

                              Plaintiff,

- against –

WHITE GAS LTD. and SAFINAT AN          07-Civ-
NAJAAT SHIPMANAGEMENT COMPANY LTD.,

                          Defendants.           VERIFIED COMPLAINT
-------------------------------------------------------------x

07 CIV 7812 (stamp)

       Plaintiff, LPG ONE LTD., (hereinafter "LPG") by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants WHITE GAS LTD. (hereinafter "WHITE GAS") and SAFINAT AN NAJAAT SHIPMANAGEMENT COMPANY LTD. (hereinafter "SAFINAT") alleges upon information and belief as follows:

       1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action

NYDOCS1/289201.1

arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 et seq. and/or the Federal Arbitration Act, 9 U.S.C. §1 et seq.

2. At all times relevant hereto, LPG was and still is a foreign business entity duly organized and existing under the laws of the Marshall Islands with an address at Trust Company Complex, Ajeltake Island, Ajeltake Road, Majuro, MH 96960, Marshall Islands.

3. At all times relevant hereto, WHITE GAS was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 10/F Baskerville House, 13, Duddell Street, Central Hong Kong.

4. At all times relevant hereto, SAFINAT was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Villa "Caprice", Swallows Street, Kappara, SGN 06, Malta.

5. On or about December 1, 2006, on an amended Shelltime 4 form, LPG as owner agreed to charter to WHITE GAS as charterer the "M/V GAS TINY" for a period of two years commencing from the time and date of delivery at the rate of $140,000 per month with an additional $20,000 payment due in respect of the first month. The initial expected delivery of the vessel into the service of WHITE GAS under the terms of the charter party was January 15, 2007 – January 25, 2007.

6. In accordance with the terms of a Guarantee dated December 1, 2006, SAFINAT guaranteed the performance by WHITE GAS of all its obligations under or in connection with the charter party and payment by WHITE GAS of all sums due to LPG under or in connection with the charter as when and as the same shall become due.

7. Pursuant to Addenda to the charter party numbered 1 to 6, at the request of WHITE GAS, LPG agreed to delay the delivery of the vessel into the service of WHITE GAS, in return for which WHITE GAS agreed to pay LPG compensation for the late delivery of the vessel.

8. Pursuant to Addendum no. 6, the anticipated delivery of the vessel under the charter party was further delayed to the period May 15, 2007 – August 16, 2007 and LPG agreed to provide WHITE GAS with notice of the approximate date of delivery 7, 5, and 3 days prior thereto, and firm notice of delivery one day in advance thereof.

9. On June 29, 2007, having previously provided notice of the approximate date of delivery 7, 5, and 3 days prior thereto, LPG gave one day's firm notice of delivery. The same day WHITE GAS responded and advised LPG that WHITE GAS would not accept delivery of the M/V GAS TINY despite its obligation to do so.

10. The refusal of WHITE GAS to take delivery of the vessel and perform its obligations under the charter party is a repudiatory breach of contract.

11. For the avoidance of any doubt, LPG accepted the repudiation of the charter party on the part of WHITE GAS and reserved all its rights.

12. LPG has fulfilled all obligations required of it under the charter party.

13. In an effort to mitigate its damages LPG has sought and continues to seek alternative employment for the vessel.

14. At present, and as best as can be now estimated, LPG has been damaged in the sum of $3,163,680.51 calculated as follows: $3,360,000 (24 months x $140,000 per month) plus $10,000 (compensation due to LPG as consideration for its agreement to delay delivery of the vessel to WHITE GAS) less $206,319.49 (net profit of LPG from substitute employment during the period June 29 to August 29, 2007).

15. Despite due demand and in breach of their respective obligations under the charter party and guarantee, Defendants WHITE GAS and SAFINAT have failed and refused to pay said damages to LPG.

16. The charter party and guarantee each provide that all disputes arising thereunder are to be resolved in London arbitration with English law to apply. LPG expressly reserves the right to arbitrate the merits of its disputes in London.

17. LPG has or soon will commence separate arbitrations in London against Defendants WHITE GAS and SAFINAT in which it seeks to recover for the breaches of the charter party and guarantee. Separate arbitrations are necessary as there is no procedure to combine the arbitration of LPG's disputes with the two defendants which arise under separate contracts.

18. LPG brings this action in order to obtain security for its claims in the London arbitrations against Defendants WHITE GAS and SAFINAT and, to the extent necessary, to compel Defendants WHITE GAS and SAFINAT to arbitrate pursuant to the terms of the charter and guarantee and if necessary to recognize and enforce the foreign arbitral awards, when rendered, as a judgment of this Court.

19. This action is further brought to obtain security for any additional sums to cover Plaintiff LPG's anticipated costs in the arbitrations and interest, all of which are recoverable under English law and the rules of London Maritime Arbitration Association.

20. Upon information and belief, and after investigation, Defendants WHITE GAS and SAFINAT cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising of, inter alia, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights,

charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

21. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by LPG against WHITE GAS and SAFINAT includes:

   a. The principal claim of $3,163,680.51;

   b. Interest of $543,075.44 on the above items, calculated at the rate of 8% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award and to enter same as a judgment, which interest is recoverable under applicable English law and arbitral rules;

   c. Estimated recoverable attorneys' fees, costs and the costs of the arbitrations, which English solicitors estimate to be $300,000.00;

For a total sought to be attached in the sum of $4,006,755.95.

   WHEREFORE, Plaintiff LPG ONE LTD. prays:

   a.   That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $3,163,680.51plus interest, costs and attorneys fees;

b.  That since Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants, up to and including the sum of $4,006,755.95, be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendants (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in their own name or as may be held, received or transferred for their benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.  That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
September 4, 2007

          FREEHILL HOGAN & MAHAR, LLP
          Attorneys for Plaintiff
          LPG ONE LTD.

By: _____
      Michael E. Unger (MU 0045)
      Lawrence J. Kahn (LJK 5215)
      80 Pine Street
      New York, NY 10005
      (212) 425-1900
      (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
4th day of September, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/289201.1                            7